UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60600-CIV-COHN

Magistrate Judge Snow

KERRYJOE N. CLARKE,

    Plaintiff,

vs.

WELTMAN, WIENBERG & REIS, CO., L.P.A.,
and LVNV FUNDING, LLC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT IV

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Count IV of the Complaint [DE 7]. The Court has carefully considered the motion and response [DE 16] thereto. No reply was filed by the deadline of July 8, 2010.

### I.  BACKGROUND

Plaintiff KerryJoe Clarke ("Plaintiff") filed a six count complaint against Weltman, Weinberg & Ross and LVNV Funding ("Defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"). Plaintiff's Complaint alleges a series of twenty-six telephone calls from Defendants to Plaintiff. In Count IV of the Complaint, Plaintiff asserts a violation of the FDCPA (15 U.S.C. § 1692d), based upon the theory that Defendant Weltman "engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular

telephone to which Plaintiff had not consented. . . ." Compl., ¶ 39 [DE 1].  Defendant moves to dismiss this claim for failure to state a claim.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B. Fair Debt Collection Practices Act

Plaintiff alleges that Defendants placed twenty six (mostly) pre-recorded telephone messages on her cellular phone system between February 26, 2009 and May 8, 2009.  Defendants move to dismiss Count IV because a violation of the TCPA does not, in and of itself, create a cause of action under the FDCPA.  Defendants rely upon Ortiz v. Accounts Receivable Management, Inc., 2010 WL 547910, *3 (S.D.Fla. Feb. 12, 2010) (J. Marra), which held that a plaintiff did not establish a claim under the FCCPA by claiming that the defendant had violated the FDCPA (plaintiff withdrew the portion of its allegations that pertained to the use of the automatic dialing system in Ortiz).  The factual allegations in Ortiz mirror those made in the Complaint in this action, as numerous telephone calls were made without full disclosures.  Defendants argue here by analogy that Plaintiff cannot maintain an FDCPA claim by reciting a violation of the TCPA.

In her response, Plaintiff relies upon a recent Eleventh Circuit opinion, LeBlanc v. Unifund CCR, 601 F.3d 1185 (11th Cir. 2010), which held that a violation of the FCCPA for failure to register as an out of state consumer collection agency may support a federal cause of action under 15 U.S.C. § 1692e(5) of the FDCPA against a collector for threatening to take an action it could not legally take.  Plaintiff argues that in the present case she seeks to support a cause of action under §1692d with harassing conduct that also supports a TCPA claim.  Plaintiff argues that the FDCPA and TCPA both seek to protect the consumer, just as the Eleventh Circuit found similar congruence between the FDCPA and FCCPA.  Plaintiff also asserts that as in LeBlanc, it is not seeking a per se

rule that one violation equals the other, but rather that the same conduct can separately support a violation of both the FDCPA and TCCPA.  Finally, Plaintiff distinguishes the decision in Ortiz, because that Court analyzed the elements of an FCCPA claim, not an FDCPA claim.

This Court agrees with Plaintiff.  Section 1692d of the FDCPA lists in its non-exclusive examples of violations: "5) causing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse or harass any person at the called number" [or] 6) "the placement of telephone calls without meaningful disclosure of the caller's identity."  The allegations in the Complaint in this action at ¶¶ 22 and 39 are sufficient under Twombly and Iqbal to constitute a violation of 15 U.S.C. § 1692d, even if they also constitute a violation of the TCPA.  Each element of the particular statutory claim must be met, regardless of whether the same facts support multiple claims.  Plaintiff has therefore met the pleading burden in this case as to Count IV.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Count IV of the Complaint [DE 7] is hereby **DENIED**;

2. Defendants shall file an Answer to Count IV within 10 business days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of July, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:
Donald Yarbrough, Esq.
Richard Weinman, Esq.