UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KERRYJOE N. CLARKE,

    Plaintiff,

vs.                                                Case No. 0:10-cv-60600-JIC

WELTMAN, WEINBERG & REIS CO., L.P.A.,
and LVNV FUNDING, LLC,

    Defendants.
_____/

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS[1]**

Defendants WELTMAN, WEINBERG & REIS CO., L.P.A. ("WW&R") and LVNV FUNDING, LLC ("LVNV") as and for their First Amended Answer and Affirmative Defenses to the Complaint of KERRYJOE N. CLARKE ("Plaintiff"), in the above-entitled matter, deny each and every allegation contained therein, unless otherwise admitted or qualified herein, and state and allege as follows:

1. Denied that Defendants have violated the FDCPA, FCCPA or TCPA, and denied that Plaintiff is entitled to any relief under applicable federal or state law.

**JURISDICTION AND VENUE**

2. Denied.

3. Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 3 of the Complaint and therefore denies the same.

4. Denied that WW&R is a legal professional association; otherwise admitted.

5. Admitted.

---

[1] This First Amended Answer and Affirmative Defenses of Defendants is being filed in response to the Court's Order Denying Defendants' Motion to Dismiss Count IV (Docket # 19).

## FACTUAL ALLEGATIONS

6. Defendants are uncertain as to which of the Defendants this allegation against "Defendant" is directed. However, denied that LVNV sought to collect from Plaintiff. Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in the remainder of Paragraph 6 and therefore denies the same.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Admitted.

13. Admitted.

14. Paragraph 14 calls for a legal conclusion, to which Defendants are not obligated to respond.

15. Paragraph 15 calls for a legal conclusion, to which Defendants are not obligated to respond.

16. Denied.

17. Admitted that WW&R was, at all times material to the allegations of the Complaint, seeking to collect a debt from Plaintiff; otherwise denied.

18. Denied.

19. Admitted that WW&R sent letters and placed telephone calls to Plaintiff in an effort to collect the debt on behalf of LVNV; otherwise, Defendants are without knowledge as to the remaining allegations contained in Paragraph 19.

20. Denied.

21. Denied.

22. Admitted that WW&R left prerecorded messages on Plaintiff's voice mail, but denied that the dates, times and/or messages were as alleged in Paragraph 22.

23. Admitted that WW&R left prerecorded messages on Plaintiff's voice mail, but denied that the dates, times and/or messages were as alleged in the Complaint.

24. Denied.

25. Denied. Specifically, WW&R identified itself in voice messages left for Plaintiff, and Plaintiff knew the alleged voice messages were from WW&R, knew WW&R was a debt collector, and knew the purpose of the messages.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Paragraph 31 calls for a legal conclusion, to which Defendants are not obligated to respond. Otherwise, Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 31 of the Complaint and therefore deny the same.

**COUNT I**

32. Defendants restate and reallege paragraphs 1 through 31 as though fully set forth herein.

33. Denied.

**COUNT II**

34. Defendants restate and reallege paragraphs 1 through 31 as though fully set forth herein.

35. Denied.

**COUNT III**

36. Defendants restate and reallege paragraphs 1 through 31 as though fully set forth herein.

37. Denied.

**COUNT IV**

38. Defendants restate and reallege paragraphs 1 through 31 as though fully set forth herein.

39. Denied.

**COUNT V**

40. Defendants restate and reallege paragraphs 1 through 31 as though fully set forth herein.

41. Denied.

**COUNT VI**

42. Defendants restate and reallege paragraphs 1 through 31 as though fully set forth herein.

43. Denied.

44. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendants.

### THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendants.

### FOURTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendants.

### FIFTH DEFENSE

Defendants reserve the right to seek its reasonable attorneys' fees and costs pursuant to the Florida Statute § 559.77 if the Court deems Plaintiff's action fails to raise a justiciable issue of law or fact.

### SIXTH DEFENSE

Any violation of the Florida Consumer Collection Practices Act, Florida Statute § 559.55 *et seq.* ("FCCPA") by Defendants, which Defendants deny, was not intentional and resulted from

a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, to the extent the FCCPA is applicable at all.

### SEVENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") by Defendants, which Defendants deny, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, to the extent the FCCPA is applicable at all.

### EIGHTH DEFENSE

All of Defendants' actions have been in accordance with the applicable state and federal laws to the fullest extent that they are applicable.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### TENTH DEFENSE

Plaintiff's claim is barred by the affirmative defenses of estoppel and unclean hands, because her claim is the direct result of Plaintiff's provision of false information to the Defendants, the cell phone provider/carrier, or others.

### ELEVENTH DEFENSE

Defendants affirmative state that Plaintiff's provided Defendants with prior express consent to use the telephone number called by WW&R, directly and/or indirectly, and established business relationships with the Defendants.

### TWELTH DEFENSE

Defendants affirmatively state that Plaintiff failed to mitigate her damages.

## THIRTEENTH DEFENSE

Defendants affirmatively state that WW&R identified itself in voice messages left for Plaintiff, or Plaintiff otherwise knew the alleged voice messages were from WW&R, knew WW&R was a debt collector, and knew the purpose of the messages.

**WHEREFORE,** Defendants pray for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendants with prejudice and on the merits; and,

2. Awarding Defendants such other and further relief as the Court deems just and equitable.

Dated: July 27, 2010.

>
> **WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
> 390 North Orange Avenue, Suite 1500
> Post Office Box 1391
> Orlando, Florida 32802-1391
> Telephone: (407) 423-4246
> Fax: (407) 423-7014
> Attorneys for WELTMAN, WEINBERG & REIS CO., LPA and LVNV FUNDING, LLC
>
> By:  */s/ Richard B. Weinman*
>      RICHARD B. WEINMAN
>      Florida Bar No. 0231370

## Certificate of Service

I HEREBY CERTIFY that on this 27th day of July, 2010, a true and correct copy of the foregoing has been furnished via electronic transmission to on all parties having appeared electronically in this case and e-mail to Donald A. Yarbrough, Esq., P. O. Box 11842, Ft. Lauderdale, FL 33339; donyarbrough@mindspring.com.

>  */s/ Richard B. Weinman*
>  Richard B. Weinman, Esq.